IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHELLE FINK, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CASE NO. **18-130** |
| SOLUTIA INC. DISABILITY INCOME PLAN and RELIANCE STANDARD LIFE INSURANCE COMPANY, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

COMES NOW the Plaintiff, MICHELLE FINK, by and through her attorneys, Mathis, Marifian & Richter, Ltd., and for her claim against the Defendants, SOLUTIA INC. DISABILITY INCOME PLAN (the "Solutia Plan") and RELIANCE STANDARD LIFE INSURANCE COMPANY ("Reliance") (referred to collectively as "Defendants"), states as follows:

### Background

1.  This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA") to recover disability income benefits due under a disability income plan.

### Jurisdiction and Venue

2.  This is an action brought pursuant to 29 U.S.C. § 1132 (a)(1)(B), (a)(3)(B), (e)(1) and (g)(1). The Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

3. Venue is properly laid in this district pursuant to 29 U.S.C. § 1132(e)(2) in that the Solutia Plan was administered and the breach took place in this district.

## Count I
## Claim for Payment of Benefits under the Plan

4. Michelle Fink ("Plaintiff") is a resident and citizen of Monroe County, Illinois.

5. Plaintiff, at all relevant times, was a participant within the meaning of 29 U.S.C. § 1002(2)(7) in the Defendant Solutia Plan that was offered by her employer, Solutia, Inc. ("Solutia"). A true and correct copy of the Solutia Plan is attached as **Exhibit 1** and incorporated here.

6. Defendant Reliance is an insurance company authorized to conduct business in the State of Illinois, with its corporate headquarters located in Cook County, Illinois.

7. The Solutia Plan was administered by Reliance and fully insured by a contract of insurance issued by Reliance, bearing Policy Number LTD 121639 (the "Reliance Policy"). A true and correct copy of the Reliance Policy is attached as **Exhibit 2** and incorporated here.

8. The Solutia Plan was, at all relevant times, administered in the Southern District of Illinois.

9. Plaintiff has been declared disabled, or more specifically, unable to perform the material and substantial duties of any occupation reasonably suited for her education, training and experience as a result of a rotator cuff tear, knee pain, shoulder pain, back pain, and other injuries.

10. Plaintiff timely applied for long-term disability ("LTD") benefits under the Solutia Plan, and was approved for LTD benefits by letter dated September 10, 2012, a copy of which is attached as **Exhibit 3**.

11. Plaintiff's LTD benefits retroactively commenced on July 2, 2012 in the monthly benefit amount of $3,193.87.

12. Plaintiff was informed that she was no longer eligible for LTD benefits by letter dated March 4, 2013, a copy of which is attached as **Exhibit 4**.

13. Plaintiff appealed the decision to deny LTD benefits, and such appeal was denied by letter dated July 2, 2013, a copy of which is attached as **Exhibit 5**.

14. Plaintiff exhausted the administrative appeals process.

15. Plaintiff's LTD benefits were terminated as of January 26, 2013.

16. In denying Plaintiff's LTD benefits, Defendants used the standards set forth in the Reliance Policy in determining whether Plaintiff was "totally disabled" and therefore eligible for LTD benefits. The Reliance Policy terms cited in support of Defendants' denial are as follows:

> "Totally Disabled" and "Total Disability" mean, that as a result of an Injury or Sickness:
>
> (1) during the Elimination Period and for the first 18 months for which a Monthly Benefit is payable, an insured cannot perform the material and substantial duties of his/her Regular Occupation; and
> (2) after a Monthly Benefit has been paid for 18 months, an Insured cannot perform the material and substantial duties of Any Occupation.
>
> In addition, during the Elimination Period and while a Monthly Benefit is payable, Total Disability means that as a result of an Injury or Sickness an Insured is capable of only performing the material and substantial duties of his/her Regular Occupation or Any Occupation, as applicable, on a part-time basis or some of the material and substantial duties on a full-time basis.
>
> *See* Reliance Policy, Page 2.1.

17. The Reliance Policy further provides that the monthly LTD benefit will terminate on the earliest of:

>  (1) the date the Insured ceases to be Totally Disabled;
>  (2) the date the Insured dies;
>  (3) the Maximum Duration of Benefits, as shown on the Schedule of Benefits page, has ended; or
>  (4) the date the Insured fails to furnish the required proof of Total Disability.
>
> *See* Reliance Policy, Page 9.1.

18. Defendants improperly denied Plaintiff's LTD benefits in their use of the Reliance Policy standard and their failure to consider and apply the terms of the Solutia Plan.

19. The Solutia Plan defines "Long-Term Disability" as follows:

> An Employee has a "Long-Term Disability" if the condition or disability has existed continuously for not less than six consecutive months and either:
>
> (a) the Employee is disabled and continues to be disabled by reason of bodily injury, disease, mental illness or substance abuse so as to be prevented thereby from performing, with or without reasonable accommodation, the essential functions and duties of his position with his Employer or any other appropriate work assigned to him by his Employer for which he is reasonably qualified based on his experience, training, education and background (aka Total & Temporary Disability (T&TD)); or
>
> (b) the Employee is Disabled for Any Occupation (aka T&PD).
>
> *See* Solutia Plan, ¶3.13.

20. The "Benefit Payment Period" for LTD benefits under the Solutia Plan is "for the first eighteen months of Long-Term Disability following the Short-Term Disability Benefit Payment Period; provided, however, that the Benefit Payment Period shall be extended to age 65 if the Participant is determined to be Disabled for Any Occupation…" *See* Solutia Plan, ¶6.3.

21. The terms of the Solutia Plan should have been applied to Plaintiff's claim.

22. Under the terms of the Solutia Plan, Plaintiff was entitled to continued LTD benefits during the benefit payment period that were wrongfully denied by Defendants.

23. The denial of Plaintiff's LTD benefits included an independent review by a physician board certified in Psychiatry and Neurology who found that "[f]rom the neurological point of view, there is no evidence that the claimant's only neurological diagnosis, namely S1 radiculopathy, causes any impairment in her function or prevents her from working. Therefore, there is no support for impairment and there is no need for restrictions or limitations <u>from the neurological point of view</u>." *See* **Exhibit 4** (emphasis added).

24. Defendants improperly denied Plaintiff's LTD benefits in their reliance on the independent review, which is inaccurate and in error in that the reviewer ignored other well-documented disabilities of Plaintiff, which support the approval of LTD benefits under the terms of the Solutia Plan.

25. Defendants improperly denied Plaintiff's LTD benefits in violation of 29 U.S.C. §1132(a)(1) in the following additional ways:

   a. Defendants failed to take into consideration the fact that Plaintiff was awarded Social Security Disability benefits;
   b. Defendants failed to take into account the medical records of the treating physicians;
   c. Defendants evaluated the medical and vocational evidence in a biased manner.

26. As a result of the Defendants' improper denial of Plaintiff's LTD benefits, she has not received disability payments to which she is entitled under the terms of the Solutia Plan.

27. Plaintiff is entitled to LTD benefits under the terms of the Solutia Plan from the time she was found disabled by her physician through the end of the appropriate period, as her disability has remained unabated.

28.     Plaintiff has been damaged by Defendants' improper denial of LTD benefits under the Solutia Plan, and such damages may be hereinafter recovered from the Defendants.

29.     In addition to the payment of LTD benefits owed, Plaintiff requests that, pursuant to 29 U.S.C. § 1132 (a)(1)(B), this Court clarify her rights to future benefits under the terms of the Solution Plan and make a determination that said LTD benefits are payable until age 65.

30.     Defendants' actions constitute bad faith in that there was no basis upon which Defendants could or should deny said LTD benefits under the Solutia Plan to Plaintiff, and as such, Plaintiff was damaged and has had to file this appropriate lawsuit. Plaintiff is therefore entitled to attorney's fees, costs and expenses under 29 U.S.C. § 1132(g).

**WHEREFORE,** the Plaintiff prays that this Court award the Plaintiff the back disability benefits provided under the Plan plus a determination regarding future disability benefits, as well as attorney's fees, costs and expenses incurred in this action pursuant to 29 U.S.C. § 1132(g), and for such other relief as the Court may deem just and appropriate.

Dated this 23rd day of January, 2018.

>    Respectfully submitted,
>
>    MATHIS, MARIFIAN & RICHTER, LTD.
>
>    By: _____
>    Laura E. Schrick, #06284750
>    Mathis, Marifian & Richter, Ltd.
>    23 Public Square, Suite 300
>    P.O. Box 307
>    Belleville, Illinois 62220
>    Phone: (618)-234-9800
>    Fax: (618)-234-9786
>    lschrick@mmrltd.com
>
>    Attorney for Plaintiff Michelle Fink